## The State v. Thomas Sherlock.

An indictment for theft must charge that the goods were taken with the intent to deprive the owner of the value of the same, and to appropriate them to the use or benefit of the accused; which intent is an essential ingredient in the crime of theft, and an indictment for that offence which omits to charge it, will be quashed.

Appeal from Uvalde.    Tried below before the Hon. E. F. Buckner.

The indictment charged that "Thomas Sherlock, late of said county, on the 7th day of October, 1860, in the county aforesaid, did unlawfully and feloniously steal, take, and carry away one blue woolen coat of the value of six dollars, and one pair of pantaloons of the value of four dollars, both of said articles being the property of Samuel Davis, contrary to the statute," &c.

The defendant moved to quash the indictment and assigned for cause, "that it does not appear from the face of the indictment that any offence against the law has been committed."

The court below sustained the motion, quashed the indictment, and the State appealed.

Villareal v. The State.

*Attorney-General,* for appellant, cited Penal Code, art. 745.

BELL, J. The exception to the indictment was properly sustained by the court below. The indictment did not charge that the goods were taken with the intent to deprive the owner of the value of the same, and to appropriate them to the use of the person taking them.

The intent to deprive the owner of the goods taken of the value of them, and to appropriate them to the use or benefit of the person who takes them, is an essential ingredient in the crime of theft, and ought to be charged in the indictment.

The judgment of the court below is affirmed.

Judgment affirmed.