J. N. WHITTENBERG v. ELBERT C. NEWTON, ADM'R.

The statute requires the place of holding the court to be stated in the writ, and it also requires the sheriff to serve the defendant with a copy. (Paschal's Dig., Arts. 1431, 1433.)

The statute is also equally mandatory in requiring a plea in abatement, except a plea to the jurisdiction of the court, or where the truth of the plea appears of record to be sworn to. (Paschal's Dig., Art. 1, Note 221.)

An error in the copy of the writ is not reached by a motion appending a copy of the writ, and saying that a copy was served upon him. The fact should be sworn to.

The "records" are the books and papers of the court. The copy served is not a record within the meaning of article 1 of Paschal's Digest.

ERROR from Ellis. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

The only point was as to the error of the court in not quashing the service of the sheriff, on the ground that he returned that he served the defendant with a copy, when it was not a copy. The motion was really to contradict the return, by exhibiting the copy served, without affidavit that it was not a copy.

*Amzi Bradshaw*, for the plaintiff in error, argued the case upon the statute.

*J. W. Ferris*, for the defendant in error.

LATIMER, J.—The copy of the citation served on Whittenberg required him to appear at Dallas, in the county of Ellis. The original citation was correct in all respects, both as to form and service, and differed from the copy only in the name of the place of holding the court, it being at Waxahatchie.

Defendant made an appearance for the purpose of abating the service only, and filed in the court a plea stating the cause why the service should be set aside, but did not verify his plea by affidavit.

The statute (Paschal's Dig., Art. 1431) is imperative in requiring the place of holding the court to be stated in the writ, and equally so (article 1433) in requiring the sheriff to deliver a copy thereof to the defendant.

The statute is also equally mandatory in requiring a plea in abatement, except a plea to the jurisdiction of the court, or where the truth of the plea appears of record to be sworn to.

So far as the record disclosed the citation and service were legal, and it did not appear therefrom that the plea was true, but, on the contrary, the record falsified the plea.

The defendant seems to have taken the idea that the copy, or purported copy, of the citation served on him was a record of the court, and that he complied with the requirements of the statute by annexing the purported copy to his plea, and thus making the "truth appear of record."

The records of a court are the papers and books which are in the custody of the court, and these are the records that the statute refers to. A purported copy is not the record. For aught that appears in this case, the clerk may have made an erroneous copy of the writ and also a true copy, and both may have been served upon the defendant.

But it is unnecessary to make suppositions. As before stated, there was nothing in the record that showed any irregularity or illegality in the citation.

And because the defendant did not make affidavit to the truth of his plea in abatement the court did not err in not receiving or admitting it. The judgment is

AFFIRMED.