## LOUIS RIDGEWAY v. THE STATE.

1. INDICTMENT—THEFT.—An indictment for theft which fails to charge that the property alleged to have been unlawfully taken was taken "with intent to deprive the owner of the value of the same" is bad.

2. INDICTMENT—CERTAINTY.—An indictment for theft should describe the property with reasonable certainty, when it is practicable to do so; and if the theft be of coin, the character of the coin should be stated.    When a particular description cannot be given, that fact should be stated in the indictment.

APPEAL from Bexar.    Tried below before the Hon. Geo. H. Noonan.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The indictment in this case for theft is defective, in omitting entirely a part of the definition of the offense, to wit, " with intent to deprive the owner of the value of the same."

This was made the ground of a motion in arrest of judgment, which was overruled by the court.

In this ruling the court erred, for which the judgment must be reversed. (The State *v*. Daugherty, 30 Tex., 360; The State *v*. Huston, 12 Tex., 245; Marshall *v*. The State, 31 Tex., 474.)

It is proper to remark also that the description of the property alleged to be .stolen was hardly sufficient. It was described as " one hundred and sixty-two dollars in the current coin of the country." So far as may be practicable, the kind and denomination of the coin should have been described, so as to identify it reasonably, or, if it was in rolls, with something written thereon, or anything else of like kind, might have served to identify the money.

The rule is, that the property must be described with reasonable certainty, whenever it is practicable to do so; and, therefore, when it can be done, the species of coin must be specified, as " fifty pieces of the current coin of the United States, commonly called half dollars." When a particular description cannot be given, it should be stated in the indictment, after giving such as the grand jurors can certainly make of the property. (1 Whart. Am. Cr. Law, 363.)

Judgment reversed and remanded.

REVERSED AND REMANDED.