## JIM JONES *v.* THE STATE.

1. INFORMATION.— Where an attempt is made to describe an offense according to its statutory definition, the statutory words, or words equivalent, must be used. And where the pleader has by his manner of pleading rendered them necessary to the descriptive identity of the offense, they cannot be considered as surplusage which may or can be disregarded.
2. SAME.— See the opinion for an information *held* defective because it omits to allege in the language of the statute that the property was taken " with intent to deprive the owner of the value of the same," and the substituted words, " use and benefit," are not equivalent in substance to " the value " of the property taken.

APPEAL from the County Court of Robertson. Tried below before the Hon. J. E. CRAWFORD, County Judge.

The opinion states the nature of the case.    The penalty imposed upon conviction was a fine of one hundred dollars, and confinement in the county jail for three months.

*Hamman & Adams,* and *A. N. Smith,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J.    The pistol alleged to have been stolen was the property of Add Wyser, but was taken from the possession of Lavinia Jones, who was holding the same for the owner.    In charging the intent with which it was taken, the allegation in the information is that it was taken " with the fraudulent intention on the part of the said Jim Jones to deprive the said Lavinia Jones of the possession of the same, and to deprive the said Add Wyser out of the use and benefit of the same, and to appropriate the same to the use and benefit of him the said Jim Jones," etc.

Where an attempt is made to describe an offense according to its statutory definition, the statutory words, or words equivalent, must be used.    And where the pleader has by his manner of pleading rendered them necessary to the descriptive identity of the offense, they cannot be considered as surplusage, which may or can be disregarded.    *Warrington* v. *State,* 1 Texas Ct. App. 168.

The information in the portion quoted above is defective because it omits to allege, in the language of the statute, that the property was taken " with intent to deprive the owner of the value of the same," and the substituted words are not equivalent in substance.    *Ridgeway* v. *State,* 41 Texas, 231, and authorities cited.

The information being fatally defective, the judgment is reversed and the cause remanded in order to allow the pleader to bring a new information in case he so desires.

*Reversed and remanded.*