[No 1780.]

### Pedro Peralto *v.* The State.

Theft.—Indictment for theft should specifically charge that the intent of the accused was to deprive the owner of the stolen property "of the value of the same." These statutory words, being essential to define theft, cannot be supplied by inference and intendment.

Appeal from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The conviction was for the theft of a watch, of the value of $75, and a chain of the value of $10, the property of A. Bland and C. E. Wynne, in Bexar county, Texas, on the 12th day of May, 1884. A term of two years in the penitentiary was the penalty assessed against the appellant.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

White, Presiding Judge. The indictment, which was for theft, does not specifically charge that the intent was to deprive the owners of the stolen property "of the value of the same," and it is only by inference and intendment that these statutory words, made essential in the definition of theft, can be supplied. (*State* v. *Sherlock,* 26 Texas, 106; *Ridgeway* v. *The State,* 41 Texas, 231; *Jones* v. *The State,* 12 Texas Ct. App., 424; *Tallant* v. *The State,* 14 Texas Ct. App., 234.)

The indictment being defective, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

[Opinion delivered February 14, 1885.]