No. 2433.

## W. E. WILLIS *v.* THE STATE.

1. THEFT—EVIDENCE—CHARGE OF THE COURT.—Upon a trial for theft—possession of the stolen property being the inculpatory fact—the State was correctly permitted to prove the defendant's contemporaneous possession of other stolen animals than that described in the indictment; such proof being admissible upon the question of identity in developing the res gestæ, or to prove by the circumstances the theft on trial, or the intent of the accused with respect to the animal named in the indictment. But, in failing to limit such proof to such purpose, the charge was materially defective.

2. SAME.—An essential element of the crime of theft is that the property was taken by the accused with intent to appropriate the same to his own use and benefit. In the general charge in this case, this element, in the application of the law to the facts, was omitted. *Held:* That, in view of the proof on the trial, the omission was error.

3. SAME.—The defense requested a special charge, as follows: "If Boyd bought the cow from Mixon, whether in good or bad faith, and defendant's connection with the cow was only to aid in disposing of said cow—in other words, if said cow was stolen by some one else than defendant, and sold to Boyd—then defendant's subsequent connection with the cow would not be theft, and, if you so find, you will acquit the defendant." *Held:* That, in view of the evidence on the trial, the refusal of the special charge was error.

APPEAL from the District Court of Jones. Tried below before the Hon. J. V. Cockrell.

This is a companion case to that of Boyd v. The State, ante, 570, the conviction being for the theft of a cow, the property of W. T. Wright. The punishment assessed was a term of four years in the penitentiary. The evidence upon which this convic-

tion is predicated is substantially the same as that adduced upon the trial of Boyd v. The State, supra.

*Jones & Cunningham, F. G. Thurmond* and *C. L. Evans,* for appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This is a companion case to that of Boyd v. The State, just decided, appellant having been jointly indicted with Boyd in the theft of W. T. Wright's cow. We propose to discuss only those questions which did not arise in Boyd's case.

1. At the trial the State proved that other animals not belonging to the defendants were found in their possession, and whose marks and brands had been altered by defendants at the same time and place, and in the same manner, and under similar circumstances, as was the case with the cow in controversy. The scope, object and purpose of the admission of this testimony was not explained and limited by the charge of the court to the jury. Having admitted this evidence, it devolved upon the court in its charge to the jury to limit it to its legitimate purpose. (Maines v. The State, 23 Texas Ct. App., 568; Wheeler v. The State, Id., 598, and authorities cited; Mayfield v. The State, Id., 645.)

2. In the fifth paragraph of the charge, where the court is making an application of the law directly to the facts, he omits to instruct them that it was essential that defendant should have taken the cow *with intent to appropriate it to his own use or benefit.* This is part of the statutory definition of theft, and is essential, as an allegation, to the validity of an indictment for that crime (Penal Code, art. 724; The State v. Sherlock, 26 Texas, 106; Willson's Texas Crim. Laws, 1255), and is an essential element of the crime itself. We can not say that such omission was not an error, under the facts of the case, notwithstanding the court had previously charged the definition of theft in the statutory language. The pertinency and necessity of such a charge in this particular case is shown by the evidence. This appellant was never seen to take, was never heard to claim, and was never seen in possession of the animal under any circumstances which would indicate an assertion of ownership in it by him. His entire connection with the animal appears to have commenced after it had already been stolen, and whatever he

did afterwards seems to have been done at the instance and for the benefit of others, and not for "his own use or benefit." If he had been shown to be one of the original fraudulent takers, he would unquestionably be held liable, even though it might appear that the taking was for the use and benefit of some one of those acting with him, and not for himself. But this is not the case presented. We think the omission in this instance was calculated to prejudice the rights of this appellant.

3. Other objections are urged to certain paragraphs of the charge as given, which we do not think material when the charge is considered as a whole. Defendant asked a special instruction which we are of opinion he was entitled to, and which was refused. This instruction was, in effect, that "if Boyd bought the cow from Mixon, whether in good or bad faith, and that defendant's connection with the cow was only to aid him in disposing of the said cow—in other words, if said cow was stolen by some one else than defendant, and sold to Boyd—then defendant's subsequent connection with said cow whould not be theft; and, if you so find, you will find the defendant not guilty."

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*