No. 5888.

SAM JONES *v.* THE STATE.

THEFT—INTENT—IDEM SONANS—INDICTMENT for theft must charge explicitly all that is essential to constitute the offense, and can not be aided by intendment; and one of the essentials of theft is the intent to appropriate the property alleged to be stolen. "Appriate" and "appropriate," are not *idem sonans*, and the former unmeaning term can not be used in the stead of the latter statutory term, to charge the necessary intent to constitute theft. The motion to quash the indictment should therefore, have been sustained in this case.

APPEAL from the District Court of Burnet. Tried below before A. S. Fisher, Esq., Special Judge.

The conviction was for the theft of a horse, and the penalty assessed was a term of five years in the penitentiary.

The ruling of this court involves only the sufficiency of the indictment, and does not call for a statement of the facts proved.

*Matthews & Wood,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a conviction for the theft of a gelding. Defendant made a motion to quash the indictment, one of the grounds of which was that "it does not charge any intent on the part of the defendant to appropriate the property alleged to have been stolen to his own use." This motion was overruled and the question of the correctness of the ruling is presented to us for decision. Instead of the essential statutory word "appropriate," the pleader has used the unmean-

ing word "*appriate*," and charges that the property was taken "with intent then and there to deprive the said owner of the the value of said property and *appriate* the same to the use and benefit of them," etc.   We know of no such word in the English language, and as spelt the word is not *idem sonans* with appropriate."   An indictment for theft "must charge explicitly all that is essential to constitute the offense, and can not be aided by intendment." (Williams v The State, 12 Texas Ct. App., 395; The State v. Sherlock, 26 Texas, 106; Ridgeway v. The State, 41 Texas, 231; Jones v. The State, 12 Texas Ct. App., 424; Tallant v. The State, 14 Texas Ct. App., 234; Peralto v. The State, 17 Texas Ct. App., 578.)

The intent to appropriate is as essential and material under our statutory definition of theft as any other element of the offense, and we have an express rule of pleading as to the intent which declares that "where a particular intent is a material fact in description of the offense it must be stated in the indictment." (Code Crim. Proc., art. 423.)

The Assistant Attorney General in support of the ruling has called our attention to the case of The State v. Williamson, 43 Texas, 500, wherein an indictment was held good that charged that the defendant did take, steal and carry away from the "possion" of the owner, without the consent of the owner, and with intent, etc.   As we understand that case, the decision was solely to the effect that the objection to the indictment for the defect insisted upon could not be taken on a motion in arrest of judgment, but should have been interposed before the trial. In the case before us the objection was raised by motion to quash the indictment before trial.

We are of opinion the court erred in overruling the motion, and that the indictment is fatally defective; wherefore the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*