### Frank Evans v. The State.

*No. 621.   Decided January 30.*

1. **Robbery—Indictment—Allegation as to Possession—"Possion."**—In an indictment for robbery, it is a matter of substance that the possession of the property taken be properly alleged. *Held*, that the use of the word "possion" for "possession" vitiates such an indictment. Citing The State v. Williamson, 43 Texas, 502.

2. **Same—Practice as to Supplying Words in an Indictment.**—Where a word is used in a material averment in an indictment, which has no meaning, is not idem sonans, nor an abreviation for a proper word, the court can not supply the proper word.

3. **Robbery—Indictment—Charge of Court.**—On a trial for robbery, where the indictment correctly charged that the property was taken from the person of the owner, but was fatally defective in the attempt to charge that it was taken from the *possession* of the owner, *Held*, that it was error for the court to instruct the jury to convict, if they found that the defendant had taken the property "from the person or possession" of the owner.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

This appeal is from a conviction for robbery, the punishment being assessed at five years' imprisonment in the penitentiary.

No statement necessary.

No briefs have come to the hands of the Reporter.

Henderson, Judge.—The appellant was tried at the October Term, A. D. 1894, of the District Court of Parker County, on an indictment for robbery. He was convicted, and sentenced for a term of five years in the penitentiary. The appellant assigns several errors, but the only error assigned which we consider material arises on the indictment and the charge of the court. The indictment charges, that

"the defendant, by assault and by violence, and by putting the said Barnard in fear of his life and bodily injury, fraudulently and without the consent of the said Barnard did take from the person and 'possion' of him, the said Barnard, one watch of the value of $10, one coat of the value of seven dollars, one vest of the value of two and a half dollars, and two pairs of pants of the value of four dollars each, same being the personal property of the said Barnard," etc. The proof showed that the watch only was taken from the person of said Barnard. All the other property was taken from his possession, but not from his person. The court, in the charge, directed the jury: "If they believed defendant made an assault on said Barnard, and by means of said assault, or by putting said Barnard in fear of his life or bodily injury, then and there fraudulently and without the consent of said Barnard, did take from the person or possession of said Barnard the property mentioned in the indictment, or any part thereof, to find him guilty," etc. There was a motion by defendant to quash the indictment, on the ground that the indictment contained the word "possion," and not "possession," which was overruled by the court, and a bill of exception saved by the defendant. The defendant also objected to the evidence regarding the taking of the clothing, on the ground that there was no proper allegation in the indictment charging that same were in the possession of Barnard. The court overruled the objection, and to this defendant reserved an exception. The defendant also reserved a bill of exception to the charge of the court on possession, on the ground that there was no sufficient allegation in the indictment to support such charge.

The sufficiency of the word "possion," as used in the indictment, instead of the word "possession," used in the statute defining robbery, is thus presented for our consideration. We have examined the dictionaries, and nowhere find such a word as "possion," nor do we find it used as an abbreviation for "possession" or any other word. It is not idem sonans with the word "possession," nor can we consider it simply as an instance of bad spelling. Evidently the pleader intended to write in the indictment the word "possession," but with us it is not a question of what he means, but what did he do; and the word "possession," in defining the offense of robbery, is material, and we can not supply it by intendment. In Jones v. The State, 25 Texas Criminal Appeals, 621, this court at a former term held, that in an indictment for theft the word "appriate" was not equivalent to the word "appropriate" as used in the statute defining theft, and that its use vitiated the indictment. In The State v. Williamson, 43 Texas, 502, referred to in the above case, the very word "possion" used in the indictment in this case was used in the indictment in that case. The question came up in that case on a motion in arrest of judgment. The court in that case seemed to treat the word as one of form, saying, "An objection of this character should be interposed before the trial, and should not be made the ground of a motion in arrest of judg-

ment;" and yet they say, "It can not be doubted that the indictment must aver that the property was taken from the possession of the owner." We do not think it can be doubted, that if an indictment for theft or robbery should fail to properly allege the possession of the property taken it is a matter of substance, and of such materiality that it can be taken advantage of by motion in arrest of judgment, as well as by motion to quash the indictment; and the only question for us to determine is, does the use of the word "possion" accomplish this? As before stated, the word used is not idem sonans with "possession," and it is not an abbreviation of that word, and we can not supply a proper word conveying in its meaning a material averment in an indictment. If we were to undertake to do so, we would afford a bad precedent, when, by the rigid adherence to the rule, those who draw indictments will be encouraged to use more care and diligence, and mistakes will thus be avoided.

It is urged, however, as to this case, that the indictment charged the taking to have been from the person and possession of Barnard, and that made an indictment for robbery. The proof of either from the person or possession was sufficient, and that as to the watch the State proved that it was taken from the person of Barnard, and that the case was thus made out. If the court, when the question was presented to it on a motion to quash, had gathered all that part from the State's charge involved in the defective charge of possession, and had confined the proof solely to the watch, or had admitted pooof of the other property taken at the same time and place as the watch, and then properly directed the jury how they might consider such other proof, then the conviction might stand. But instead of pursuing this course, the court, over the objections of defendant, told the jury that they might convict him if they found that he had taken any of the property charged from the possession of Barnard, when there was no sufficient allegation of such possession, and committed an error for which the case must be reversed, and the judgment of the lower court is accordingly reversed and remanded.

*Reversed and remanded.*

Judges all present and concurring.