## O. C. WELLS v. THE STATE.

No. 3657.   Decided December 19, 1906.

**1.—Theft of Horse—Evidence—Non-Expert Opinion.**

Upon trial for the theft of a horse it was error to permit non-expert witnesses to testify as to their opinion that defendant was of sound mind and knew right from wrong, without first showing that the witnesses had adequate means of observation for forming accurate opinions as to the existence of insanity, and without stating the facts upon which they based their conclusions. See opinion for the rule in such cases.

**2.—Same—Remarks of Judge.**

Trial courts should avoid giving opinions as to the evidence or commenting on it before the jury, as the statute expressly prohibits such conduct.

**3.—Same—Charge of Court—Insanity.**

Where upon trial for theft of a horse the court's charge on insanity followed approved precedent, there was no error.

**4.—Same—Indictment—Use of Words and Phrases—Idem Sonans.**

In a prosecution for the theft of a horse, where the indictment charged the defendant with, "farudulently" taking the property, instead of, "fraudulently," the terms were neither idem sonans nor the same word, if the former term was a word at all, and the indictment was defective.

Appeal from the District Court of Eastland. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of horse theft; penalty, two years imprisonment in the penitentiary.

The testimony for the State showed that defendant had been on the premises of the owner of the horse several times before the theft, hunting work; that the alleged stolen horse was taken out of the owner's lot, as he was left there on the night before the taking and the next morning he was gone; that a day thereafter the defendant was seen riding the horse in another county, when he was pursued and the horse was taken from him; that defendant fled into a thicket, where he was discovered by the sheriff and run down and arrested; that the horse, saddle, bridle and blanket found in defendant's possession, and which were all taken at the same time, belonged to the owner alleged in the indictment, and were returned to and identified by him as his property, taken from his premises without his consent.

Under defendant's plea of insanity it was shown that his mother had been sent to the lunatic asylum before his birth, and other circumstances showing that there was lunacy in the family, etc., were in evidence. This with the facts stated in the opinion is a sufficient statement of the case.

*Stubblefield & Patterson*, for appellant.—On question of indictment: Green v. State, 27 Texas Crim. App., 570; Ware v. State, 19 Texas Crim. App., 13; Minter v. State, 26 Texas Crim. App., 217; Moore v. State, 28 Texas Crim. App., 377.

*J. E. Yantis*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse theft, and his punishment fixed at two years confinement in the penitentiary.

Witnesses Wallace, Blankenship, Bedford and Kilborn, were introduced by the State on the issue of insanity, as non-expert witnesses: and permitted to testify that in their opinion, defendant was of sound mind and knew right from wrong. It is shown by the bill, in regard

to Wallace, that he had only had conversations with defendant during the last year, while he lived in Young County, and for a day or two when he had him under arrest. This did not show the witness was sufficiently acquainted with defendant to give such an opinion.

In regard to the witness Blankenship, the bill shows that witness had testified that he had only seen defendant twice, and then only for a few minutes and had transacted some business with him. Bedford stated that he had never known appellant until his arrest, when he brought him from Graham, Young County, and placed him in jail in Eastland County, about the first of August, and had only seen him for a few minutes four or five times since he had been in jail. In regard to the witness Kilborn that he had not met defendant prior to August 1, 1906, when he had placed defendant in jail, and had seen him two or three times a day in jail, when he would go to see the prisoners and look after them, and put them in the proper cage.

These matters formed the predicate for the introduction of the testimony of these witnesses as non-experts. This was not sufficient. This question was reviewed at some length in Williams v. State, 37 Texas Crim. Rep., 348, and the conclusion reached was, that to render evidence of non-professional or non-expert witnesses competent as to the sanity of a party, it must appear that the witnesses had adequate means of observation; that is, they must have had opportunity for forming accurate judgment as to the existence of insanity, considered with reference to its supposed character or degree. (2.) He must first state what he personally knows of the party's sayings and doings indicating insanity. And this testimony must show such close or intimate relations existing between the supposed insane person and witnesses as fairly to lead to the conclusion that the opinion will be justified by his opportunities for observing the conduct of the defendant. (3.) He must state the facts, conduct, conversations and business transactions. (4.) That in order to render the testimony of the non-professional or non-expert witness' evidence, the facts upon which it is based must come under his own observation; and these facts he must state to the jury as the basis of his conclusion. Tested by the above rules, the testimony of these witnesses was not admissible.

There was a bill of exceptions reserved to some remarks of the judge made in regard to the witness Blankenship's testimony, to the effect that he knew the witness was telling the truth. This witness was adverse to appellant and stated matters he should not have stated, and it was about these remarks the court made the statement. This will not occur upon another trial. Trial courts should avoid giving opinions as to the evidence or commenting on it before the jury, as the statute expressly prohibits such conduct.

Some criticism is indulged in regard to the court's charge on insanity as to the test. We are of opinion that the charge is correct, and follows the long line of decisions in Texas.

Application was made for continuance, which was overruled, and

we think this action was error. However, the matter is not discussed, for upon another trial the witnesses may be obtained.

The indictment charges, that appellant * * * "did then and there unlawfully and farudulently take from the possession," etc. The criticism is that it does not charge appellant "fraudulently" took the property. It is evident that "farudulently" and "fraudulently" are neither idem sonans nor the same word—if in fact "farudulently" is a word at all. In Jones v. State, 25 Texas Crim. App., 621, the word "appropriate" was written "appriate," and it was held not to mean appropriate, and the indictment bad. In Evans v. State, 34 Texas Crim. Rep., 110, for the word "possession" "possion" was written, and the indictment was held vicious. In Mathis v. State, 39 Texas Crim. Rep., 353, "on cattle" was held not sufficient to charge theft of "one cattle," the word "on" not being equivalent to the word "one." It would seem under these authorities that this indictment is not sufficient. However, without going into a discussion, it is very easy to secure another indictment, which we suggest should be done if the State desires to prosecute further.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*