## Manie Latham v. The State.

### No. 1404. Decided November 22, 1911.

### Rehearing denied January 3, 1912.

**Seduction—Indictment—Words and Phrases.**

Where the indictment, in a prosecution for seduction, failed to allege that the defendant promised to marry the prosecutrix, but simply used the word "prom," the same was insufficient.

Appeal from the District Court of Cass. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, and *H. Carney,* County Attorney, for the State.—On the question of sufficiency of indictment: State v. Earp, 41 Texas, 487; St. Louis v. State, 59 S. W. Rep., 889; Barner v. State, 20 S. W. Rep., 559; Lewallen v. State, 87 S. W. Rep., 1159; Peters v. State, 23 S. W. Rep., 683; Hinson v. State, 100 S. W. Rep., 939; Bell v. State, 139 Ala., 124; 22 Cyc., 291.

HARPER, Judge.—In this case appellant was charged by indictment with the offense of seduction, and when tried was convicted and sentenced to the penitentiary for a term of five years, from which judgment he has appealed to this court.

The indictment in this case reads as follows: "In the name and by the authority of the State of Texas: The grand jurors for the county of Cass, State aforesaid, duly organized as such at the August term, A. D. 1910, of the District Court for said county, upon their oaths in said court present that Manie Latham on or about the 24th day of December, A. D. one thousand nine hundred and eight, and anterior to the presentment of this indictment, in the county of Cass and State of Texas, did then and there unlawfully seduce Emma Miller, an unmarried woman under the age of twenty-five years, and did then and there obtain carnal knowledge of the said Emma Miller by means and in virtue of a prom—— of marriage to her, previously made by him, the said Manie Latham, against the peace and dignity of the State."

Appellant filed a motion to quash the indictment, because in an indictment for seduction it is necessary to charge a promise to marry,

while in this indictment there is no such allegation, but that the word "prom" is used for promise. In the case of Wells v. State, 50 Texas Crim. Rep., 499, 98 S. W. Rep., 851, it is held that where the indictment charged that appellant "did then and there unlawfully and farudulently take from the possession," etc., that there was no such word as "farudulently" and the indictment was bad. In the case of Jones v. State, 25 Texas Crim. App., 621, the word "appriate" was used instead of "appropriate," and the indictment was held defective. In Evans v. State, 34 Texas Crim. Rep., 110, for the word "possession," "possion" was written, and the indictment was held vicious. See also the case of Scroggins v. State, 36 Texas Crim. Rep., 117, and authorities there cited.

If the word "promise" was not material in charging the offense, a different rule might prevail, for if by rejecting the word "prom" as surplusage, or if it was followed by other words which sufficiently charged the offense, the indictment would be good. In the case of Bailey v. State, decided at this term of the court, in an indictment where the defendant was charged with incest, and the allegation was that he did "canally and incestuously know," etc., the indictment was held good, for if you rejected the word "canally" as surplusage, the indictment would still charge the offense in specific terms, and taking this word with the words that preceded and followed it, it was clear that it was but a mistake in spelling; and if the word "prom" in this indictment was followed by other words, which sufficiently charged the offense, a different question would be presented. But inasmuch as there can be no offense of seduction unless a promise of marriage is alleged and proven, and this indictment contains no such allegation, the court erred in not quashing it.

As the indictment is fatally defective, it is useless to discuss the other questions presented.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

[Rehearing denied January 3, 1912.—Reporter.]

