JOHN ODLOZELIK v. THE STATE.

No. 20454. Delivered June 23, 1939.

422

.

The opinion states the case.

*R. R. Smith* and *Frank W. Steinle,* of Jourdanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is burglary; the punishment, confinement in the penitentiary for two years.

On the 10th of July, 1938, appellant forcibly entered a barn belonging to H. A. Traump and took therefrom some harness, bridles and other property. Shortly after the alleged burglary a deputy sheriff recovered the property from appellant's field where it had been hidden under a shock of hay. Appellant made a written statement in which he admitted entering the barn and taking the property in question.

Appellant introduced several witnesses who testified that in their opinion appellant was insane, some of them saying that he had temporary spells of insanity.

Testifying in his own behalf, appellant made no denial of the fact that he entered the barn of Mr. Traump and took his property. However, he testified to the effect that he had no use for the property and that it was not his intention at the time to appropriate it to his own use or benefit. Again, it was his version that his recollection of the transaction was hazy. He said that it must have been a prank. Again, he declared that when he recalled some of the things that had happened on the night of the alleged burglary he started to return the property to Mr. Traump.

It is appellant's contention that his testimony called for a charge to the effect that the jury should acquit him if they

entertained a reasonable doubt as to whether he entertained the intent at the time he entered the barn to appropriate the property to his own use and benefit. He excepted to the charge for its failure to submit this issue to the jury, and submitted a requested instruction covering the subject. We think the issue was raised, and that in failing to respond to the exception the court fell into error. Unless appellant intended to appropriate the property to his own use or benefit he would not be guilty of burglary with intent to commit theft. See Willis v. State, 6 S. W. 856.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.