**Rodolfo GUERRA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–090–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 1, 1983.

Discretionary Review Refused Dec. 21, 1983.

Joseph R. Preston, Mission, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before BISSETT, UTTER and GONZA-LEZ, JJ.

## OPINION

UTTER, Justice.

In a jury trial, appellant was convicted of burglary of a building. Punishment was assessed by the Court at four years and six months imprisonment. On appeal appellant contends that the trial court erred (1) by overruling his Motion for Instructed Verdict; (2) by refusing to instruct the jury that they could not presume appellant had the intent to steal; and (3) by allowing improper final argument by the prosecutor. We overrule appellant's grounds of error and affirm the judgment of the trial court.

In his first ground of error appellant contends that his Motion for Instructed Verdict should have been granted because the evidence was insufficient to support his conviction for burglary of a building. Specifically, appellant argues that intent to commit theft is an essential element of burglary; that there was no evidence that appellant had the intent either to steal or to attempt to steal; and that the State thus failed to prove an essential element of its case. Appellant further contends that the principle which holds "that the mere act of breaking and entering a building at night raises a presumption of intent to commit theft" is inapplicable because the State's theory was that appellant only remained *concealed*—there was no evidence adduced about either breaking or entering, or even about when appellant concealed himself.

Mr. David Dominguez testified that he was working inside Max's Grocery Store on November 27, 1981; that he closed for business at 10:00 p.m.; that he let all the workers go home while he stayed and performed finishing duties that normally took from 25–30 minutes; that these duties included checking the warehouse; that when he left, he turned off the lights and noted that no one was in the women's restroom and that the light in the men's restroom was off; and that he then left the store, locked it, and activated the alarm.

Officer Gilbert Morales testified that he heard an alarm sound outside Max's Grocery Store on November 27, 1981. He found nothing wrong, but approximately half an hour later was called back. The Manager, Mr. Fred Dominguez, and the Assistant Manager, Mr. David Dominguez, were present and the store was opened with a key. The lights in the warehouse were turned on, and the store, warehouse, and restrooms were checked; no one was found. When the men left the store, the alarm sounded again.

The testimony of Officer Morales was corroborated by the further testimony of Mr. David Dominguez, who stated that he was called back to the store about 11:30 p.m. that night and that no one was found in the store or the warehouse, but that, as the alarm was activated on the way out, the sensor light "picked up who ever was in there moving so Fred said that definately [sic] there has got to be somebody in there." They then re-entered the store, walked between the boxes in a "small little hall" in the warehouse, and there saw appellant "walking on the north side to the south side." Appellant was arrested.

In the case of *Mauldin v. State,* 628 S.W.2d 793 (Tex.Cr.App.1982) the Court stated:

"[A]ppellant contends that the evidence is insufficient to sustain the conviction because there was no proof of intent to commit theft. In a prosecution for burglary, the intent to commit theft may be inferred from the circumstances. *Simmons v. State,* 590 S.W.2d 137 (Tex.Crim. App.1979). Further, an entry made without consent in the nighttime is presumed to have been made with intent to commit theft. *Moss v. State,* 574 S.W.2d 542 (Tex.Crim.App.1978); *Solis v. State,* 589 S.W.2d 444 (Tex.Crim.App.1979). Appellant's entry into the building having been made in the night time without the con-

sent of the owner is sufficient to show an intent to commit theft."

However, appellant argues that because (1) no merchandise was found on him and (2) there was no evidence showing that he "broke" in or even when he "entered" and concealed himself in the building, there was no evidence showing that he remained concealed in the building with the intent to commit theft.

We note first that the element of "breaking" into a building at nighttime is no longer required to establish intent to commit theft. Tex.Penal Code Ann. § 30.-02 (Vernon Supp.1974). Secondly, as we understand appellant's argument, he is contending that such authority as *Mauldin* is inapplicable because there was no evidence of his *entry* adduced at trial. Appellant's physical presence in the building at the time of his apprehension is prima facie proof of some type of entry at sometime. "[T]he question of the intent with which a person enters a building is a fact question which a jury can resolve from the surrounding circumstances." *Ortega v. State,* 626 S.W.2d 746 (Tex.Cr.App.1982). When an accused is found late at night in a closed grocery store, a *presumption* exists that entry was made for the purpose to steal. *Green v. State,* 435 S.W.2d 513 (Tex.Cr.App.1969). The intent to commit theft may be presumed if a person is found at night in the *house* of another without the consent of the owner. *Shelby v. State,* 479 S.W.2d 31 (Tex.Cr.App.1972); *Leaderbrand v. State,* 457 S.W.2d 557 (Tex.Cr.App.1970). It is not necessary that property be *taken* where the prosecution is for burglary with intent to commit theft. *Leaderbrand,* supra.

The standard for review of sufficiency of the evidence, whether by the trial court or by an appellate court on appeal, is whether, examining the evidence in the light most favorable to sustain a verdict, there is evidence which the jury could have believed in arriving at such a verdict. *Rodgers v. State,* 550 S.W.2d 78 (Tex.Cr. App.1978). We find sufficient evidence in the record before us to justify the trial judge's decision to overrule the Motion for

Instructed Verdict. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred by refusing to specifically instruct the jury that they could not presume that the appellant had the intent to steal. Appellant argues that the jury "had to presume intent to steal in this case because ... there is absolutely no evidence of intent to steal in the record", and cites the case of *Odlozelik v. State,* 137 Tex.Cr.R. 421, 130 S.W.2d 291 (1939) for his proposition that refusal to give a requested issue on intent is reversible error. In that case, however, the defendant testified "that he had no use for the [allegedly stolen] property and that it was not his intention at the time to appropriate it to his own use or benefit." In addition, other witnesses introduced by the defendant testified that in their opinion the defendant was insane, or at least had temporary spells of insanity.

In the case before us, appellant did not put on a defense—he neither introduced witnesses nor testified in his own behalf. Intent to commit theft may be inferred; since appellant put on no evidence to rebut that inference, intent was not a contested issue at trial. *Ortega v. State of Texas,* supra.

Appellant further argues that it was error to deny his requested instruction that the jury could not presume intent because of the holding in the case of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In that case the Supreme Court of the United States held unconstitutional an instruction that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts." This instruction was ruled to be invalid "[b]ecause the jury may have interpreted the challenged presumption as conclusive ..., or as shifting the burden of persuasion ..., and because either interpretation would have violated the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt..."

The applicable portion of the charge in this case stated:

**514**

Now, if you find from the evidence beyond a reasonable doubt that on or about the 27th day of November, 1981, in Hidalgo County, Texas, the defendant, RODOLFO GUERRA, did then and there intentionally enter a building controlled and in the possession of Max Saenz, the owner thereof, and did then and there, without the effective consent of said owner, intentionally remain concealed in said building with the intent to commit the offense of theft of property therein, then you will find the defendant guilty of burglary as charged and so say by your verdict.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of burglary and consider whether he is guilty of the lesser offense of criminal trespassing.

We hold that this charge did not conflict with the presumption of innocence granted to the accused and did not invade the fact-finding function assigned to the jury. The jury was not directed to find against appellant, and the burden of persuasion was not shifted to him. In short, the concerns of the Court as expressed in *Sandstrom* are not justified by the circumstances of this case. The charge as given sufficiently states the elements of the offense which had to be found by the jury in order to convict appellant. In addition, the jury was repeatedly charged, both in the abstract and application portions of the charge, that in order to find appellant guilty they must satisfy themselves that he acted intentionally. The proper instruction was sufficient to protect appellant's rights. *Pless v. State,* 576 S.W.2d 83 (Tex.Cr.App.1979); *Bearden v. State,* 487 S.W.2d 739 (Tex.Cr.App.1972). Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the trial court allowed improper final argument by the prosecutor. The argument complained of is as follows:

The police have done their job, Ladies and Gentlemen. I have represented the people of this county to the best of my ability and now it is up to you because you are the last link in law enforcement in this county.

Appellant cites *Prado v. State,* 626 S.W.2d 775 (Tex.Cr.App.1982) and *Pennington v. State,* 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961) in support of his argument, that "an indication that the community and police desire conviction is reversible error." However, the point of such a holding was outlined in the Prado case, where the Court noted that "telling the jury that they were the voice and conscience of the community" was proper argument, because such a statement did not demand a conviction from the jury merely because the community demanded one. It was when the State asked the jury to lend an *ear* to the community rather than a *voice,* that a demand for punishment was held improper.

We hold that the allegedly objectionable argument in the case before us does not constitute reversible error. Rather, it was a proper plea to the jury to lend its voice to the chain of law enforcement. *Haynes v. State,* 627 S.W.2d 710 (Tex.Cr.App.1982); *Rodriguez v. State,* 552 S.W.2d 451 (Tex.Cr.App.1977); *Hicks v. State,* 545 S.W.2d 805 (Tex.Cr.App.1977); *Chatman v. State,* 509 S.W.2d 868 (Tex.Cr.App.1974).

All three of appellant's grounds of error are overruled and the judgment of the trial court is AFFIRMED.