**Melvin Eugene THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–87–00595–CR.

Court of Appeals of Texas,
Dallas.

April 26, 1988.

J. Stephen Cooper, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before WHITHAM, ROWE and THOMAS, JJ.

ROWE, Justice.

Melvin Eugene Thomas was found guilty before a jury of burglary of a building with intent to commit theft. The jury set enhanced punishment at 75 years' confinement in the Texas Department of Corrections. On appeal appellant brings six points of error, summarized as follows: insufficient evidence of intent to commit theft; denials of constitutional "due course" and "due process" from the utilization of the "appellate presumption" of intent to commit theft from nighttime entry; and denial of constitutional rights by the court's instruction on parole. We overrule all points and affirm the trial court's judgment.

The record in this case reflects that appellant was arrested when he was found inside an automobile parts warehouse at 3:00 a.m. Dallas police officers were dispatched to the scene at 2:30 a.m. when the silent burglar alarm in the warehouse was activated. Upon arrival, the officers noticed a broken garage door window at the rear of the warehouse. While waiting approximately 30 minutes for the manager to arrive to let the officers in, the officers kept watch over the building in both front and back. The warehouse had a showroom in front with large windows and a darkened storage room in back. The appellant was ultimately found lying facedown between stacked boxes in the storage room. The evidence reflects that appellant was awake when found and was not drunk. There was no evidence tending to justify his presence in the warehouse.

Appellant first asserts that the evidence is factually insufficient to support the intent to commit theft element of the burglary offense. We first recognize that the question of intent with which a person enters a building is a fact question which the jury can resolve from the surrounding circumstances. *Ortega v. State*, 626 S.W. 2d 746, 749 (Tex.Crim.App.1981); *Shockley v. State*, 695 S.W.2d 754, 756 (Tex.App.— Dallas 1985, pet. granted). Furthermore, the sufficiency of the circumstances needed to support a jury finding is measured by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560, 573 n. 12 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The *Jackson* standard was followed in the Texas case of *Dickey v. State*, 693 S.W.2d 386, 387 (Tex. Crim.App.1984). Under this standard, if a reasonable hypothesis other than guilt of the accused is raised by the evidence, the conviction must be reversed. *Id.* at 388. Not every hypotheses must be excluded to a moral certainty, but the hypothesis negating guilt must be a reasonable hypothesis consistent with the circumstances and

facts proved in the case. *Carlsen v. State,* 654 S.W.2d 444, 447 (Tex.Crim.App.1983).

■ Keeping these standards in mind, we now review the evidence on intent. The record reveals that the alarm in the locked warehouse was set off about 2:30 a.m. A window in the back of the building had been broken. The owner of the building had not given his consent for appellant to enter the building. At approximately 3:00 a.m., appellant was found in a darkened room of the building where automotive parts were kept. In weighing the sufficiency of this evidence, this Court may utilize a permissible inference that when a nonconsensual nighttime entry occurs, there is an intent to commit theft.[1] *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985). This permissible inference establishes merely a nonconclusive circumstance supporting an intent to commit theft. *Hardesty v. State,* 656 S.W.2d 73, 77 (Tex.Crim.App.1983). Other circumstances supporting such an intent in this case are the facts that appellant was found lying facedown on the floor between stacks of boxes (a position that could be construed as an attempt to hide), appellant was awake when found at least 30 minutes after entering the building, and appellant was not intoxicated or under the influence of drugs. These condemning circumstances constitute a prima facie case of guilt. The appellant, by offering no reasonable explanation for his presence, fails to rebut this prima facie case. All of the circumstances, viewed in a light most favorable to the verdict, support the jury's finding of burglary of a building with the intent to commit theft.

■ On appeal, appellant argues that a reasonable hypothesis exists that appellant had some other intent in entering the building, *i.e.,* sleeping or criminal mischief. However, such reasonable hypothesis must be supported by the evidence. *Dickey v. State,* 693 S.W.2d at 388. Appellant did not contest intent at trial. He did not offer evidence of any other intent, nor is there evidence of another intent in the record. Consequently, no other reasonable hypothesis except that of intent to commit theft is consistent with the facts and circumstances which were proved in the case.

This case is remarkably similar to *Guerra v. State,* 657 S.W.2d 511 (Tex.App.—Corpus Christi 1983, pet. ref'd). The accused in *Guerra* was found walking in a grocery store around 11:30 p.m., after store hours. The court, applying the inference, opined that it was not necessary that property be taken to support the finding of burglary with the intent to commit theft. Instead, intent can be inferred; and since the accused put on no evidence to rebut the inference, intent was not contested at trial and the verdict was supported by the circumstantial evidence. *Id.* at 513.

We therefore hold that the jury in this case had sufficient circumstances before it to support its inference of intent to commit theft. Further, no other reasonable inference is supported by the evidence at trial. Consequently, we overrule appellant's first point of error.

■ Appellant contends in his second and third points of error that the "appellate presumption" of intent to commit theft because of a nighttime entry (the rule of law here questioned) deprived him of his constitutional rights of due course of law under article I, section 19 of the Texas Constitution and of due process of law under the United States Constitutional Amendment XIV. Appellant's argument is ill conceived on the theory that the contested legal idea is a "presumption." This mistake is easy to make since the courts have often recklessly called the idea a presumption. *See Mauldin v. State,* 628 S.W.2d 793, 795 (Tex.Crim.App.1982); *Guerra v. State,* 657 S.W.2d at 513; *Warren v. State,* 641 S.W.2d 579, 582 (Tex.App.—Dallas 1982), *pet. dism'd,* 652 S.W.2d 779 (Tex.Crim.App.1983). A true presumption, however, "is a rule of law laid down by the courts which attaches to facts certain procedural consequences, such as the shift in the burden of

---

**1.** The constitutionality and procedural aspects of this rule will be discussed infra under points of error two and three.

evidence production: When fact A is established, the fact finder *must* find fact B, unless the opponent introduces evidence from which the fact finder could reasonably find that B did not exist." *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex.Crim.App. 1983). The rule of law as applicable in this record had no such procedural impact upon the trier of fact. *Aguilar v. State*, 682 S.W.2d at 558. Indeed, it would have been reversible error to instruct the jury that it must follow this rule of law. *Browning v. State*, 720 S.W.2d 504, 507–508 (Tex.Crim. App.1986). The jury should be instructed, and was instructed in this case, that they must find intent to commit theft beyond a reasonable doubt in order to support a guilty verdict. *Shockley v. State*, 695 S.W. 2d 754, 757 (Tex.App.—Dallas 1985, pet. granted).

Appellant's attack upon the rule of law complains in essence not about an error which has already occurred in the trial court, but about an error which threatens to occur during appellate review. This is so because the Court of Criminal Appeals of Texas has limited the rule's use to appeals courts. *Aguilar*, 682 S.W.2d at 558. The rule's usefulness now is solely as a guide for appellate consideration in determining the sufficiency of evidence to sustain a conviction. *Shockley*, 695 S.W.2d at 756. Contrary to appellant's contention, however, the rule does not authorize an appeals court to impose a conclusive presumption of theft because of a mere showing of a nonconsensual nighttime entry. When properly understood, the rule is simply a permissible inference[2] that allows an appellate court to approve a finding of guilt, after it has reviewed all the circumstances, by validating an inference as to intent that the jury itself properly could have drawn, and impliedly may have drawn, from the circumstantial evidence before it. Accordingly, because the mak-

ing of a permissible inference of intent does not affect the fact finder's analysis and does not allow an appellate court to ignore defensive evidence tending to prove an alternative reasonable hypothesis, an application of the rule of law by this Court to the evidence in this record does not violate appellant's constitutional rights of due course or due process. Appellant's second and third points of error are overruled.

 In points of error three through six, appellant contends that the trial court's instruction to the jury was unconstitutional, adopting the arguments contended by the appellant in *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1986), *aff'd on other grounds*, 752 S.W.2d 529 (Tex.Crim.App. 1987). The Texas Court of Criminal Appeals has now held that the statutorily mandated jury instruction on parole[3] is unconstitutional. *Rose v. State*, 752 S.W.2d 529 (Tex. Crim.App.1987). Since no objection to the instructions was made at trial, we do not reverse unless "egregious" harm is shown. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). After reviewing the record of this case, we cannot hold that the parole instruction deprived appellant of a fair trial. The instruction given was a true and correct statement of the law. Appellant's conviction was supported by the evidence, and after enhancement, he could have been punished in a range from 25 years to life. Appellant's own counsel argued to the jury that appellant was a third-time offender and could not pay any fines assessed. No issue of the parole law was made at trial. Consequently, the jury-assessed punishment of 75 years' imprisonment cannot be said to be the result of a trial swayed unfairly out of proportion by an instruction on parole that ordered the jury not to consider its application to appel-

---

2. A permissible inference is a "deduction from facts which a fact finder *may* draw from the circumstances of the case without the aid of any rule of law, but it is not obliged to do so." *Hardesty,* 656 S.W.2d at 76. Through its use in a criminal case, no shift in the burden of proof occurs because the State must still prove at trial

each essential element of the offense beyond a reasonable doubt. *Id.* at 77; *Shockley,* 695 S.W. 2d at 757.

3. TEX.CODE CRIM.PROC.ANN. art. 37.07 § 4(a) (Vernon Supp.1988).

lant. Appellant's fourth, fifth, and sixth points of error are overruled.

Having overruled all of appellant's points of error, we affirm the trial court's judgment.