JOE LOPEZ v. THE STATE.

No. 23663. Delivered May 28, 1947.

Rehearing Denied (Without Written Opinion) June 25, 1947.

*James Ingram* and *King C. Haynie,* both of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for the burglary of a house of one Lindsey, punishment assessed at two years in the penitentiary.

Lindsey operated a radio repair shop which was burglarized on the night of March 15, 1946, sometime after ten o'clock. Lindsey had closed his place of business about six o'clock, but was back about ten o'clock that night at which time everything appeared as it was when he had left it at six o'clock. When he went to his shop the next morning he found the front door open, and a glass broken in a back window where the entry had been effected. Two radios were missing, one a portable radio which was returned to Lindsey by the police department a few days after the burglary. This radio had been left with Lindsey for repair by Eva Wilkins. Lindsey identified it by the name "Eva Wilkins" which he says was written on the *back* of the radio in pencil. Between 10:30 and 11:00 o'clock on the night in question officers saw appellant on the street with a portable radio under his arm. He told three different stories to the officers about where he got it. The officer testified that this radio had Eva Wilkins' name written in pencil on the *side* of it. They arrested appellant and took him to the police station and locked him up. One of the officers testified without objection that he got in touch with Eva May Wilkins over the telephone and she told him her radio was supposed to be out on Ashland Street at a repair shop. This was the location of Lindsey's place.

Appellant did not testify, but interposed a plea of alibi which he supported by the testimony of his sister-in-law.

There was no objection to the court's charge, and no bills of exception are brought forward.

The only point urged is that the evidence fails to identify the radio recovered from appellant as that stolen from the burglarized house because Lindsey testified that the name of the

488

owner was on the *back* and the officer testified that it was on the *side* of the radio. When Mr. Lindsey was testifying as to the identity of the radio recovered by the police he consistently referred to it as "that" radio, having reference to the one he had for repair. Regardless of where the name was on the radio it is apparent that the officer and Lindsey were testifying about the same one.

We quote Section 2346, page 1283, Branch's Tex. Ann. P. C. as follows:

"If the State proves a burglary as alleged was committed by someone, and based on proof that defendant was found in possession of property recently stolen from the burglarized house the jury have found defendant guilty of the burglary, and that finding has been approved by the trial court whose duty it is to set aside the conviction if not satisfied that defendant is guilty as charged, the judgment will be sustained on appeal unless clearly wrong if there are facts or circumstances in evidence which justify the jury in disbelieving defendant's explanation of such possession, if any he made."

The text is supported by more than forty cited cases.

It occurs to us that the facts and circumstances in evidence justified the jury in disbelieving appellant's explanation of his possession of the recently stolen radio.

The judgment is affirmed.