Michael Wayne WILKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–01065–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 13, 1996.

---

Will Outlaw, Houston, for Appellant.

John B. Holmes, Fred Wilson, Beth Boswell, Houston, for Appellee.

Before TAFT, HUTSON–DUNN and O'CONNOR, JJ.

## OPINION

TAFT, Justice.

Appellant, Michael Wayne Wilkerson, was charged by indictment with burglary of a building, enhanced by prior convictions for unauthorized use of a motor vehicle and aggravated robbery. A jury found appellant guilty of burglary, found both enhancement paragraphs true, and assessed punishment at 35–years confinement. Appellant challenges the sufficiency of the evidence in two respects: (1) proof that appellant intended to commit theft; and (2) proof that the store was not open to the public. We reverse for unassigned error in the punishment proceedings.

### Facts

At approximately 1:15 a.m. on June 3, 1995, Houston Police Officers John Sweatt and Kenneth Peters were dispatched to investigate a possible burglary of a grocery store. Moments after they arrived at the scene, another unit arrived. Checking the building for evidence of an illegal entry, one of the officers noticed an area where it appeared someone had tried to gain entry. The officers requested authority to enter the building; a supervisor, Sergeant Yencha, was dispatched to authorize entry.

Approximately 35 to 45 minutes later, Yencha arrived to see a black male holding open the garage door of the grocery store. The suspect closed the door, staying inside the building. In front of the garage door, the officers discovered the bolts of the burglar bars had been pulled back, apparently with a clawed hammer found nearby. Knowing that someone was in the store, the officers se-

cured the building and waited for a K–9 unit to arrive.

Officer Tim Levulis and his canine partner, Major, arrived at approximately 2:20 a.m. They entered the building through the garage and discovered appellant, awake, lying in a meat cooler. The meat cooler was operating and was very cold. A search of appellant's person produced gloves and a flashlight.

After being arrested, appellant explained to the officers that he had come to the store earlier in the day and had fallen asleep while waiting for an employee named "Tina." At trial, appellant stated he fell asleep while waiting to purchase meat from "Big Ed," an employee who could acquire the meat for him at a discount. Appellant also stated he awoke at approximately 1:30 a.m. to find himself trapped inside the store. His movement set off the alarm and he spent the next hour trying to find a way out of the store. When the K–9 unit arrived, appellant went into the meat cooler to avoid being attacked by Major. Appellant further testified the gloves, flashlight, and hammer were not his; he had never seen them before.

The owner of the store, Antoine El–Kareh, testified there was no damage to the burglar bars the day prior to appellant's arrest. The store does not sell the type of gloves or flashlight found on appellant's person, nor the hammer found by the burglar bars. Moreover, the store never gave discounts to its employees and did not employ anyone by the name of Tina or Big Ed.

### Sufficiency of the Evidence

In two points of error, appellant contends that the evidence was legally insufficient to support his conviction. More specifically, appellant contends the State failed to prove that appellant intended to steal or attempted to steal; thus, the State failed to prove "intent to commit theft." Furthermore, appellant contends the evidence is insufficient to support a finding that the store was not open to the public at the time appellant entered the building.

■ In reviewing the legal sufficiency of the evidence on appeal, this Court must determine whether, considering all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jones v. State,* 833 S.W.2d 118, 122 (Tex.Crim.App.1992). Thus, we must review the evidence to determine whether the evidence is sufficient to support a rational jury's finding that appellant entered the building when it was not open to the public and that he entered the building with the intent to commit theft.

### A. Entry of the Building While Closed to the Public

Viewing the evidence in the light most favorable to the verdict, the record reveals that officers arrived within eight minutes after being notified that a motion detector within the store had discovered an intruder. Damage to the burglar bars was not present the morning before appellant was arrested. The store was closed at 10:30 p.m. and was not open to the public when the alarm was set off at approximately 1:15 a.m. Appellant was seen standing in the doorway of the garage holding the door open when Sergeant Yencha arrived at approximately 1:50 a.m. Furthermore, appellant was found with a pair of gloves and a flashlight in his possession. The gloves and flashlight did not come from the store, nor did the hammer which was found at the point of entry.

■ Appellant presented testimony that he entered the store during business hours but fell asleep and became trapped inside the building after it was closed to the public. Appellant's story does not account for the pried-back burglar bar bolts, appellant's appearance at the garage door followed by his attempt to hide from the police, or his possession of the flashlight and gloves. These facts and circumstances, viewed in the light most favorable to the jury's verdict, demonstrate appellant entered the store when it was not open to the public. A rational jury could have so found.

Accordingly, we overrule point of error two.

## B. Intent to Commit Theft

■ In a prosecution for burglary, the intent to commit theft may be inferred from the circumstances. *Simmons v. State,* 590 S.W.2d 137, 138 (Tex.Crim.App.1979). An entry made without consent in the nighttime is presumed to have been made with intent to commit theft. *Mauldin v. State,* 628 S.W.2d 793, 795 (Tex.Crim.App.1982). This presumption is actually a permissive inference utilized by appellate courts. *See Thomas v. State,* 750 S.W.2d 320, 322–23 (Tex. App.—Dallas 1988, no pet.).

■ In addition to appellant's nonconsensual nighttime entry, however, appellant's intent to commit theft is also a reasonable inference from the facts that the building in question was a grocery store which appeared to be uninhabited in the middle of the night. The logical inference is that appellant broke into the grocery store to steal money or groceries, rather than to commit some other offense against persons or property. Any inference that appellant made a nonconsensual entry for lawful purposes is negated by his possession of gloves and a flashlight, as well as his attempt to hide from the officers. Appellant's inconsistent stories about having lawfully entered and then fallen asleep were expressly rebutted in regard to named employees appellant claimed to know, and were generally refuted by the circumstantial evidence.

From a totality of the circumstances, viewed in the light most favorable to the jury's verdict, we conclude a rational jury could have found appellant entered the grocery store with intent to commit theft. *See Thomas,* 750 S.W.2d at 321–22 (defendant set off alarm at warehouse in middle of night and was found lying down inside, hiding); *Guerra v. State,* 657 S.W.2d 511, 513 (Tex.App.— Corpus Christi 1983, pet. ref'd) (defendant found in grocery store after hours). Thus, we overrule appellant's first point of error.

1. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 12.42(d), 1993 Tex.Gen.Laws 3586, 3603 (former Tex.Penal Code Ann. § 12.42(d)), *amended by* Act of May 29, 1995,

## Void Sentence

Although not raised by either party, we have noticed error rendering the sentence void which we address as unassigned error in the interest of justice. *See Carter v. State,* 656 S.W.2d 468, 468–70 (Tex.Crim.App.1983) (upholding court of appeals which had noticed unassigned error and set aside void judgment).

■ Appellant was charged by indictment with burglary of a building committed on June 3, 1995. Since September 1, 1994, burglary of a building has been a state jail felony. Tex.Penal Code Ann. § 30.02(c)(1) (Vernon 1994). In *State v. Mancuso,* 919 S.W.2d 86 (Tex.Crim.App.1996), the Court of Criminal Appeals held that state jail felonies, even when enhanced with prior convictions, as in the present case, may not be punished under the habitual offender provision, Tex.Penal Code Ann. § 12.42(d) (Vernon 1994),[1] in effect at the time of this offense.

A state jail felony enhanced by a prior conviction for aggravated robbery may be enhanced, pursuant to Tex.Penal Code Ann. § 12.35(c)(2) (Vernon 1994), to a third degree felony. It may also be further enhanced pursuant to Tex.Penal Code Ann. § 12.42(a) (Vernon 1994) to a second degree felony by means of another prior conviction. It thus appears appellant may be subject to a range of punishment of from two to 20 years confinement in the penitentiary and a possible additional fine of up to $10,000. Tex.Penal Code Ann. § 12.33 (Vernon 1994).

■ However, appellant's sentence of 35–years confinement is void on its face. *See Levy v. State,* 818 S.W.2d 801, 802 (Tex.Crim. App.1991) (sentence not authorized by law is void). Accordingly, we reverse appellant's punishment and remand for a new punishment hearing. *See* Tex.Code Crim.Proc. Ann. art. 44.29(b) (Vernon Supp.1996) (new trial ordered by appellate court for error affecting only punishment stage of trial shall commence at punishment stage, as if finding of guilt had been returned).

74th Leg., R.S., ch. 318, sec. 1, § 12.42(d), 1995 Tex.Gen.Laws 2734, 2734 (Tex Penal Code Ann. § 12.42(d) (Vernon Supp.1996)).

## Conclusion

We affirm that portion of the trial court's judgment reflecting appellant's conviction for burglary of a building, but we remand for a new punishment hearing.