TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00145-CR







Wayne Earl Jones, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,264, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING






 A jury convicted appellant, Wayne Earl Jones, of the offense of burglary of a habitation. 
See Tex. Penal Code Ann. § 30.02 (West 1994 & Supp. 1998). The trial court sentenced appellant to
sixteen years in the Texas Department of Criminal Justice Institutional Division. On appeal, appellant
complains the evidence was legally and factually insufficient to support the conviction. We will affirm. 


BACKGROUND

 Around ten o'clock at night on August 27, 1996, Sandra Kay Cone was outside her home
when she saw appellant round the corner of her house with a blanket slung over his shoulder. Startled,
Cone asked appellant what he was doing. Appellant approached Cone as he repeatedly said, "I'm not
doing anything." Cone screamed for her husband as she backed away from appellant. Alerted by Cone's
scream, Lieutenant Tommy Roach of the Rockland Police Department, who was on surveillance nearby,
came to the scene. 

 Roach first asked appellant what he was doing in Cone's backyard, and appellant replied
he was going home. Roach recognized appellant and knew appellant's house was actually in a different
direction than appellant was walking. Noticing appellant's stuttering and his shaking hands, Roach repeated
his question several times. At least once, appellant replied he was coming from his "old lady's house,"
which Roach interpreted to mean appellant's wife's home. Perceiving appellant's nervous demeanor and
knowing appellant was not married, Roach thought appellant was lying. Roach also asked appellant what
was in the blanket he was carrying, and appellant replied he was carrying clothes. At some point during
Roach's questioning, appellant put down the blanket, and Roach noticed a white ceramic bowl inside the
blanket. Upon further investigation, Roach also found a large plate, a flannel night gown, a Christmas card
addressed to "Lelah," a serape-style blanket, a patchwork quilt, an extension cord, a ladle, and various
other small items all inside the blanket. Upon this discovery, Roach concluded appellant had just committed
a crime and was fleeing the scene. Roach placed appellant in investigative custody and called for an officer
to transport him to the police department. Roach then began to search the surrounding neighborhood to
see whether any houses had been burglarized. 

 Roach talked first to the Cones, whereupon he discovered Lelia Horton owned the house
next door to them. Remembering that the Christmas card in appellant's bundle was addressed to "Lelah,"
Roach went to the Horton residence to investigate. Once there, Roach found the door kicked in and the
house in a state of disarray, with some items strewn on the floor and others clearly out of place. On a dusty
shelf, Roach also noticed a clean outline of an object which appeared to be the size of the bowl he found
in appellant's bundle. 

 Appellant was indicted for burglary of a habitation to which he pleaded not guilty. The jury
convicted him, and the trial court imposed sentence. Appellant now appeals his conviction. In two points
of error, appellant argues that the evidence was legally and factually insufficient to support to the jury's
verdict. (1)


STANDARD OF REVIEW

 The critical inquiry on review of the legal sufficiency of the evidence to support a criminal
conviction is whether the record evidence could reasonably support a finding of guilt beyond a reasonable
doubt. The relevant question for the appellate court is whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614
S.W.2d 155, 159 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, the appellate
court does not view the evidence in the light most favorable to the prosecution, but rather, equally and
impartially compares the evidence supporting the verdict with that tending to disprove the verdict. The
court, however, does not substitute its judgment for that of the jury, and should set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126, 136 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd untimely filed). The standard of review is the same for circumstantial
evidence cases as for direct evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App.
1991).


DISCUSSION

 A person commits the offense of burglary of a habitation if, without the effective consent
of the owner, he enters a habitation not then open to the public, with intent to commit a felony or theft. See
Tex. Penal Code Ann. §30.02(a)(1) (West 1994). The charge required the jury to find appellant guilty if
appellant "did intentionally or knowingly enter a habitation not then open to the public that was owned by
Irene Garza, without the effective consent of Irene Garza, with the intent then and there to commit the
offense of theft of personal property therein . . . ."

 In his first point of error, appellant argues the evidence is legally insufficient. Appellant first
attacks the State's proof establishing Irene Garza's ownership of the Horton residence, contending that
Garza's authority to care for the Horton residence had expired. Anyone with a greater right to actual care,
custody or control of a building than the accused may be alleged as the owner. See Mack v. State, 928
S.W.2d 219, 222-23 (Tex. App.--Austin 1996, pet. ref'd). At trial, Garza testified Lelia Horton owned
the residence but had authorized Garza to care for the property while she was out of town. (2) Garza further
testified she was caring for the property when the burglary occurred. Based on Garza's testimony, the jury
could have found beyond a reasonable doubt Garza had a greater right to care of the residence than did
appellant. Therefore, we find the evidence legally sufficient to support Garza's ownership of the residence.

 Appellant next maintains the evidence was legally insufficient to establish his entry into the
Horton residence with intent to commit theft. Appellant claims that no one saw him enter or exit the Horton
residence. The State, however, is not required to establish entry by producing a witness; rather, appellant's
entry may be inferred from the surrounding circumstances. In a burglary case, guilt, including the element
of entry, may be established by circumstantial evidence. See Nelson v. State, 905 S.W.2d 63, 64 (Tex.
App.--Amarillo 1995, no pet.). Direct evidence that the defendant actually entered the residence to
commit theft is unnecessary if the record nevertheless discloses a burglary occurred, the defendant
possessed some or all of the stolen property, and the defendant failed to proffer a reason for having it. See
Nelson 905 S.W.2d at 64; Garza v. State, 841 S.W.2d 19, 21-22 (Tex. App.--Dallas 1992, no pet.). 
Entry made without consent in the nighttime is presumed to have been made with intent to commit theft. 
Wilkerson v. State, 927 S.W.2d 112, 115 (Tex. App.--Houston [1st Dist.] 1996, no pet.). This
presumption may be considered by an appellate court in determining the sufficiency of the evidence to
support a finding of intent. Id. Furthermore, the jury is exclusively empowered to determine the issue of
intent in a burglary trial. McGee v. State, 923 S.W.2d 605, 608 (Tex. App.--Houston [1st Dist.] 1995,
no pet.)

 At trial, Roach testified that on the night he found appellant in the yard next door to the
Horton residence, Roach also discovered the residence appeared to have been recently burglarized. 
Roach further testified appellant was carrying a bundle containing certain items later identified as missing
from the Horton residence. Roach also testified appellant seemed nervous and lied about the contents of
the bundle he was carrying. In addition, Garza testified she had inspected the home just two days before
the burglary was discovered and found no evidence anything was amiss. From this evidence, the jury could
have found beyond a reasonable doubt that appellant entered the Horton residence. Furthermore, based
on Garza's testimony she had not given appellant consent to take the items in question from the Horton
residence, the jury could have inferred appellant's nighttime entry into the Horton residence was made
without Garza's consent and, therefore, with the intent to commit theft. We find the evidence is legally
sufficient to support appellant's entry into the Horton residence with intent to commit theft. Point of error
one is overruled. 

 In his second point of error, appellant contends the evidence is factually insufficient to
support his conviction. The State introduced evidence appellant was found at night in the yard next door
to the Horton residence carrying items later identified as missing from the Horton residence. Furthermore,
the alleged owner testified she had not given appellant permission to take the items. Appellant lied to a
police officer about what the items were and failed to provide a satisfactory explanation regarding his
presence in the yard next door to the burglarized residence. The jury's verdict is not so contrary to the
overwhelming evidence as to be clearly wrong or unjust. We find the evidence is factually sufficient to
support appellant's conviction and overrule point of error two.

 


CONCLUSION

 Having determined the evidence is both legally and factually sufficient to support the jury's
verdict, we overrule appellant's points of error and affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 5, 1998

Do Not Publish
1. Although represented by counsel, appellant filed a pro se supplemental brief raising additional points
of error. We have considered them and find them to be without merit.
2. Garza explained Horton had planned to be away for only two weeks but, at the time of trial, had been
away for two years. In the meantime, Garza had been periodically inspecting the property.



fied she was caring for the property when the burglary occurred. Based on Garza's testimony, the jury
could have found beyond a reasonable doubt Garza had a greater right to care of the residence than did
appellant. Therefore, we find the evidence legally sufficient to support Garza's ownership of the residence.

 Appellant next maintains the evidence was legally insufficient to establish his entry into the
Horton residence with intent to commit theft. Appellant claims that no one saw him enter or exit the Horton
residence. The State, however, is not required to establish entry by producing a witness; rather, appellant's
entry may be inferred from the surrounding circumstances. In a burglary case, guilt, including the element
of entry, may be established by circumstantial evidence. See Nelson v. State, 905 S.W.2d 63, 64 (Tex.
App.--Amarillo 1995, no pet.). Direct evidence that the defendant actually entered the residence to
commit theft is unnecessary if the record nevertheless discloses a burglary occurred, the defendant
possessed some or all of the stolen property, and the defendant failed to proffer a reason for having it. See
Nelson 905 S.W.2d at 64; Garza v. State, 841 S.W.2d 19, 21-22 (Tex. App.--Dallas 1992, no pet.). 
Entry made without consent in the nighttime is presumed to have been made with intent to commit theft. 
Wilkerson v. State, 927 S.W.2d 112, 115 (Tex. App.--Houston [1st Dist.] 1996, no pet.). This
presumption may be considered by an appellate court in determining the sufficiency of the evidence to
support a finding of intent. Id. Furthermore, the jury is exclusively empowered to determine the issue of
intent in a burglary trial. McGee v. State, 923 S.W.2d 605, 608 (Tex. App.--Houston [1st Dist.] 1995,
no pet.)

 At trial, Roach testified that on the night he found appellant in the yard next door to the
Horton residence, Roach also discovered the residence appeared to have been recently burglarized. 
Roach further testified appellant was carrying a bundle containing certain items later identified as missing
from the Horton residence. Roach also testified appellant seemed nervous and lied about the contents of
the bundle he was carrying. In addition,