TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00318-CR







Mario Chacon, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0965351, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 Appellant Mario Chacon appeals the judgment resulting from his conviction by a jury for
the offense of burglary of a habitation. See Tex. Penal Code Ann. § 30.02(c)(2) (West 1994 & Supp.
1998). The trial court assessed appellant's punishment, enhanced by prior felony convictions, at
imprisonment for forty years. In three points of error, appellant asserts that the evidence is neither legally
nor factually sufficient to support the jury's verdict, and that the trial court erred in refusing to grant his
motion for new trial. We will overrule the points of error and affirm the trial court's judgment.

 Appellant insists that the State failed to prove beyond a reasonable doubt that he entered
the habitation as alleged, and because proof of entry is an essential element of the offense of burglary, the
evidence is neither legally nor factually sufficient to sustain the jury's verdict. In reviewing the legal
sufficiency of the evidence, the test is whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d
885, 888 (Tex. Crim. App. 1994); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
This standard of review is the same for both direct and circumstantial evidence. See Geesa v. State, 820
S.W.2d 154, 162 (Tex. Crim. App. 1991); Mack v. State, 859 S.W.2d 526, 627 (Tex. App.--Houston
[1st Dist.] 1993, no pet.). In reviewing factual sufficiency of the evidence we view all the evidence without
the prism of "in the light most favorable to the prosecution"; we set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). Clewis approved this standard of review first articulated in
Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). More recently
the Court of Criminal Appeals has admonished: "We emphasize that in performing a factual sufficiency
review, the courts of appeals are required to give deference to the jury verdict, examine all of the evidence
impartially, and set aside the jury verdict 'only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust.'" Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997)
(quoting Clewis, 922 S.W.2d at 129).

 At about 10:30 p.m., on August 19, 1996, Barbara Oden came home from work and
found that her house had been ransacked and numerous items of valuable personal property were missing. 
Her stereo had been tampered with; some components were missing and others were dangling on their
connection cords. Drawers that had contained clothes and other property had been dumped out on the
floor. Two V.C.R.'s, a Canon camera, a video camera, and pieces of jewelry and clothing were missing. 
An expensive, distinctive sapphire and diamond ring had been taken from Oden's bedside table. The total
value of the property taken was more than $20,000.

 Investigating officers and Oden could find no evidence of forced entry and investigators
could find no fingerprints that would help identify the burglar. Oden had three dogs that could enter and
leave her house through a "doggie door" cut into the back door of the house. Oden, when she had locked
herself out of the house, had entered her house through the "doggie door." Officer Andrew Perkle testified
that although he could not crawl through the "doggie door," a smaller man could.

 On the day of the burglary, Oden left her house between 6:00 and 7:00 a.m. On the same
day, at 12:03 p.m., Oden's expensive ring and Hitachi V.C.R. were pawned at a Doc Holliday's
Pawnshop. This pawnshop was in the same neighborhood as Oden's house. The man pawning the ring
and V.C.R. identified himself by presenting his driver's license to a Doc Holliday's employee, Karl
Lubbering. Lubbering recorded the information from the driver's license on a "pawn ticket." The pawn
ticket showed the man presented Texas driver's license number 15521506 issued to Mario Roberto
Chacon whose birthdate was August 14, 1958 and whose address was 1511 Faro Drive #92, Austin,
Texas. At trial a copy of appellant's driver's license bearing his photograph was admitted in evidence. It
was Texas driver's license number 15521506 issued to Mario Roberto Chacon whose birthdate was
August 14, 1968 and whose address was 1511 Faro Drive #92, Austin, Texas. Lubbering explained that
the difference in one digit of the birthdate could have been a clerical mistake. A handwriting identification
expert testified that he had compared the signature on the pawn ticket with appellant's known signature,
and in his expert opinion, it was "highly probable" that the signature on the pawn ticket was appellant's. 
Appellant did not testify and offered no evidence in his defense.

 The Court of Criminal Appeals has held that "recent and unexplained 'possession of all or
any parts of items taken in a burglary is sufficient to sustain a conviction for burglary.'" Solis v. State, 792
S.W.2d 95, 98 (Tex. Crim. App. 1990) (quoting Ward v. State, 581 S.W.2d 164, 168 (Tex. Crim. App.
1979)); see Thompson v. State, 615 S.W.2d 760, 761 (Tex. Crim. App. 1981); Dickerson v. State, 740
S.W.2d 567, 570 (Tex. App.--Fort Worth 1987, pet. ref'd). "[W]hen there is independent evidence of
a burglary, the unexplained personal possession of recently stolen property will support an inference of guilt
of the offense in which the property was stolen." Price v. State, 902 S.W.2d 677, 680 (Tex.
App.--Amarillo 1995, no pet.). The element of entry into a habitation or building may be established by
inferences drawn from circumstantial evidence. See Lopez v. State, 884 S.W.2d 918, 921 (Tex.
App.--Austin 1994, pet. ref'd); see also Nelson v. State, 905 S.W.2d 63, 64 (Tex. App.--Amarillo
1995, no pet.); Garza v. State, 841 S.W.2d 19, 21-22 (Tex. App.--Dallas 1992, no pet.).

 Oden's house was burglarized and property, including her ring and V.C.R., were stolen. 
Circumstantial evidence showed that the burglar entered the house through the "doggie door." Less than
six hours after the burglary was committed, appellant appeared at the pawnshop in exclusive possession
of and claiming a right to the stolen ring and V.C.R., which he pawned. Viewing the evidence in the light
most favorable to the prosecution, a rational trier of fact could find that all of the elements of burglary of
a habitation, including entry, were proved beyond a reasonable doubt. We hold the evidence is legally
sufficient to support the jury's verdict and overrule appellant's first point of error.

 In reviewing the factual sufficiency of the evidence we have applied the standard of review
required by Cain, Clewis, and Stone; after examining all of the evidence impartially and giving proper
deference to the jury's verdict, we conclude that the jury's verdict is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong or unjust. We hold that the evidence is factually sufficient
to support the jury's verdict and overrule appellant's second point of error.

 In his third point of error, appellant contends that because of newly-discovered evidence
he is entitled to a new trial. His claim is based on the finding of a shirt in the burglarized house. Appellant
says the shirt belonged to the burglar, and that the shirt does not belong to him and does not fit him. On
the hearing of the motion for new trial, Oden, the victim of the burglary, testified that after the burglary she
found in her laundry a man's medium-sized "T shirt." She thought that the shirt probably belonged to the
burglar. The all-cotton shirt had been twice washed in "extremely hot water." While Oden thought the shirt
may have been left by the burglar, she testified it could have been left in her house by someone else. At
the hearing, appellant denied that the shirt was his, but put it on. The trial court stated for the record that
the shirt fit tightly but that appellant "was able to get it on without any problem." The trial court also
recalled trial testimony that appellant had gained twenty pounds since he was arrested. The trial court
stated that the evidence invited speculation because it was not clear that the shirt was not in the house
before the burglary. The trial court ruled that appellant had not met his burden to show he was entitled to
a new trial.

 "A new trial shall be granted an accused where material evidence favorable to the accused
has been discovered since trial." Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp. 1998). The
granting or denying of a motion for new trial lies within the sound discretion of the trial court. See Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); State v. Gonzalez, 855 S.W.2d 692, 696 (Tex.
Crim. App. 1993). Motions for new trial based on newly discovered evidence are not favored and are
viewed with great caution. Drew v. State, 743 S.W.2d 207, 225-26 (Tex. Crim. App. 1987). To show
that the trial court abused its discretion in refusing to grant a new trial, the record must show that: (1) the
newly-discovered evidence was unknown to the accused before trial; (2) the accused's failure to discover
the evidence was not due to his lack of diligence; (3) the evidence is admissible and not merely cumulative,
corroborative, collateral, or impeaching; and (4) the materiality of the evidence is such as would probably
bring about a different result in another trial. Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App.
1994); Drew, 743 S.W.2d at 226.

 Implicit in the trial court's ruling and record statements is a finding that appellant had not
met the prerequisite that the newly-discovered evidence was material and would bring about a different
result, an acquittal, if a new trial were granted. We agree, and hold that the trial court did not abuse its
discretion in refusing to grant appellant's motion for new trial. Appellant's third point of error is overruled.


 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Affirmed

Filed: April 24, 1998

Do Not Publish





















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



or unjust. We hold that the evidence is factually sufficient
to support the jury's verdict and overrule appellant's second point of error.