NO. 07-00-0132-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 31, 2000

______________________________

STANDLEY K. BROWN, JR.

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 98-462636; HON. DRUE FARMER, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Standley K. Brown, Jr. (appellant) appeals a conviction of the offense of theft of more than $50 but less than $500.  In a single point of error, he complains that the evidence presented at trial was factually insufficient to support the jury’s verdict of guilty.  We affirm.

Background

Appellant was arrested on November 22, 1998 by City of Lubbock police for shoplifting items of clothing from J. C. Penney’s department store.  At the trial of this cause, two J. C. Penney’s loss prevention employees (Royster and Garcia) testified that three individuals (appellant, a young male and a young female) were spotted “selecting” items of merchandise and placing them inside a bag from Dillard’s that was carried into the store by the female.  All three ultimately exited the store with the bag containing the merchandise without having paid for it.  The bag was thrown down by the young male who then escaped on foot and was not apprehended.  The young female likewise fled the scene and was not apprehended.  Appellant was stopped outside the store, handcuffed without resistance and taken to the store’s security office where he was detained until Lubbock police arrived and took him into custody.  The merchandise was photographed and returned to the store. 

Issue on Appeal

 Appellant asserts in his sole point of error that the evidence presented at trial was factually insufficient to prove beyond a reasonable doubt that appellant, with the intent to deprive the owner of it, appropriated the property.  He bases his argument upon the fact that neither of the two loss prevention officers could recall the events of the offense without reading from a written report prepared by Garcia.  Furthermore, he complains that the testimony of Garcia and Royster was in conflict in several instances and that their testimony also conflicted with the written report.       

Standard of Review

The standards of review applicable to our review of the legal and factual sufficiency of the evidence are well founded and need not be repeated.  It is enough to merely refer the litigants to 
Jackson v. Virginia
, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and King v. State, 895 S.W.2d 701 (Tex. Crim. App. 1995) as controlling on the matter of legal sufficiency, and 
Clewis v. State
, 922 S.W.2d 126 (Tex. Crim. App. 1996) as dispositive on the subject of factual sufficiency.  Furthermore, elements of an offense can be proved through indirect or circumstantial evidence.  
Wilson v. State
, 654 S.W.2d 465, 467 (Tex. Crim. App. 1983). 

Application of Standard
 

Appellant does not argue that no evidence supports the verdict of guilt.  Rather, he posits that because it was inconsistent and contradictory at times, the verdict should be rejected as based upon evidence that was factually insufficient.  Yet, that there were discrepancies in the testimony of Garcia and Royster and in Garcia’s live testimony versus her written report does not render the jury’s verdict manifestly wrong or unjust.  In a jury trial, the jury is the exclusive judge of the facts proved, the credibility of the witnesses and of the weight to be given their testimony.  
Tex. Code Crim. Proc. Ann. 
art 38.04 (Vernon 1979).  This means that the jurors are free to accept or reject any or all of the evidence presented by either party, 
Beardsley v. State
, 738 S.W. 2d 681, 684 (Tex. Crim. App. 1987) and are authorized to reconcile evidentiary conflicts.   
Bowden v. State
, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982); 
Nelson v. State
, 905 S.W.2d 63, 64 (Tex. App.–Amarillo 1995, no pet).  Indeed, doing so is their obligation.  And, where contradictory testimony exists, we assume that the discrepancies were resolved in favor of the verdict.  
Moreno v. State,
 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

In this case, the jury received evidence that 1) appellant was observed at all times during the incident by either Garcia or Royster or both of them, 2) both witnessed appellant and two others enter the children’s department, 3) appellant and the other two were observed going into a corner and concealing merchandise in the Dillard’s bag, 4) the three were observed going down an escalator together, 5) the three arrived at the outside door, still with the bag containing the merchandise in their possession, at the same time, and 6) no attempt was made to pay for the merchandise.  Moreover, the written report detailing the incident from which Garcia refreshed her recollection of the events was admitted as evidence, without objection, and was available to the jury in their deliberations.  This is more than ample evidence to shield the conviction against attacks as manifestly unjust or clearly wrong, despite the contradictions and inconsistencies.  The latter simply went to the weight of the evidence and credibility of the witnesses.  And, the jury was free to decide who and what to believe.

Additionally, the jury was given a party charge stating a “person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.”
(footnote: 1)   Given that instruction, the actor’s mere 
physical presence and encouragement 
of the commission of the offense, either by words or other agreement, is a circumstance that may be considered along with other facts in determining whether the actor is a party. 
 Diaz v. State
, 902 S.W.2d 149 (Tex.App.–Houston [1
st
 Dist] 1995, no pet.) (emphasis added).  This, coupled with the evidence revealing that appellant and the other two individuals 1) entered the children’s department together, 2) stood in a corner together while the merchandise was concealed in a bag, 3) rode the escalator to the ground floor of the store together, and 4) exited the store together with the unpaid merchandise in the bag, is factually sufficient evidence to enable the jury to also conclude that appellant was a party to theft.  In being a party, he is nonetheless culpable for the offense despite the contradictory evidence regarding whether he or some one else actually selected the items that were stolen. 

Accordingly, finding that the verdict is based upon factually sufficient evidence, we overrule the point of error and affirm the judgment.

Per Curiam

Do not publish.

FOOTNOTES
1:
Tex. Penal Code Ann 
art. 7.01 (Vernon 1994)