COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAIME LUEVANO, | § | No. 08-10-00159-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 409th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20070D04789) |
| | § | |

## **O P I N I O N**

Jaime Luevano appeals his conviction for burglary of a habitation. A jury found him guilty and sentenced him to 25 years' imprisonment. In two issues, Appellant challenges the constitutionality of the sentence imposed and the sufficiency of the evidence to support his conviction. We affirm.

## **BACKGROUND**

In the early morning of September 3, 2007, Antonio Avvocato was asleep in his home when he awoke because he felt his bedroom door open and the light from his bathroom stream in. At first he thought it was his girlfriend, but then he saw a man standing in his doorway. Avvocato screamed out and asked the man several times who "the bleep are you?" The man responded, "I am sorry. I am sorry. I made a mistake." At that point, Avvocato jumped out of bed and chased the man through the house. As they reached the front door, Avvocato grabbed the man's T-shirt who turned around and looked at Avvocato and broke free from his grip. The man went out the front door and ran down the street. Avvocato watched which direction the man headed, ran inside to put on flip flops, grabbed his car keys, and got into his truck to follow the man. Avvocato

caught up to the man and called the police and informed them of the direction in which he was traveling. At approximately 5 a.m., the dispatcher reported a burglary of a habitation and sent police to Avvocato's location. When Officer Marco Flores arrived on the scene, Avvocato informed him of the suspect's location. Avvocato described the man as wearing a green T-shirt, dark shorts, and a ponytail. Avvocato pointed to the backyard of a residence and Officer Flores observed the suspect crawl into a small opening and enter the backyard of a residence.

Police knocked on the door of the house the suspect had entered and a man with long hair wearing no shirt and dark shorts opened the interior door, but stayed behind an exterior screen door to the home. Officer Flores escorted Avvocato to the door to identify the suspect and Avvocato immediately identified the man behind the screen door as the intruder. Upon returning home, Avvocato reported to police that nothing was taken from his home. The police were unable to lift any fingerprint evidence from Avvocato's home. Appellant was arrested for criminal trespass and unlawful restraint.[1] A grand jury indicted Appellant for the offense of burglary of a habitation with intent to commit theft.[2] Appellant was tried by a jury, found guilty, and convicted of burglary of a habitation.

At trial, Avvocato identified Appellant as the intruder. Avvocato testified that Appellant did not have his consent to enter his home and stated that he did not know why Appellant was in his home. Avvocato explained that Appellant did not have time to take anything from his home after he awoke because he chased Appellant.

---

[1] When the police entered Appellant's home with a warrant they found his brother being held hostage and unlawfully restrained. The unlawful restraint charge was later dismissed because Appellant's brother did not want to prosecute.

[2] Appellant was also indicted in cause number 20070D04788 for burglary of a habitation with intent to commit a felony, to wit: aggravated sexual assault of a child or indecency with a child. The case was consolidated for trial with the present case. Appellant pleaded not guilty to both indictments. He was found guilty of both offenses. Appellant has appealed both convictions, and we have addressed them as companion cases. The companion case on appeal is 08-10-00154-CR.

Appellant testified in his own defense. He stated that he had been asleep in his home the morning of September 3, and was startled by the police banging on his door that morning. He further testified that he had never seen Avvocato prior to this incident and would not know if Avvocato had any problems with him. Appellant claimed that Avvocato was lying, and that he was probably brainwashed by the police who had it out for him.

The State introduced evidence of Appellant's prior felony conviction for burglary of a habitation, and two concurrent felony convictions for failure to stop and render aid. In addition, the State offered evidence of his other prior convictions which included a misdemeanor conviction for criminal trespass. After deliberations, the jury found Appellant guilty of burglary of a habitation. At sentencing, Appellant pleaded true to an enhancement paragraph alleging two prior felony convictions and the jury sentenced him to 25 years' imprisonment. This appeal followed.

## DISCUSSION

Appellant raises two issues on appeal. In Issue One, Appellant contends the sentence imposed by the jury constitutes cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution. In Issue Two, he asserts that the evidence against him is legally and factually insufficient to convict him of burglary of a habitation with the intent to commit theft.

### *Cruel and Unusual Punishment*

In Issue One, Appellant contends that his sentence of twenty-five years' imprisonment is harsh and disproportionate to the offense of burglary of a habitation and constitutes a violation of the Eighth Amendment of the United States Constitution. The State responds that Appellant failed to preserve this issue for review. We agree.

3

To preserve a complaint for appellate review, the record must show Appellant made a timely request, objection, or motion.  *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App. – Dallas 2003, no pet.).   By failing to raise an objection at trial, the constitutional right to be free from cruel and unusual punishment, may be waived on appeal.  *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995).  Because Appellant did not object to the sentence when it was imposed and did not assert the objection in his motion for new trial, Appellant has waived this issue on appeal.[3]

Even if Appellant had preserved his complaint for review, it is without merit.   Generally, punishment assessed within the statutory range is not unconstitutionally cruel or unusual.  *See Rummel v. Estelle*, 445 U.S. 263, 284-85, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Castaneda*, 135 S.W.3d at 723.   The permissible range of confinement for burglary of a habitation, a second-degree felony offense, enhanced by two felony convictions, is twenty-five to ninety-nine years' imprisonment.   TEX. PENAL CODE ANN. § 12.42(d) (West 2011).

Here, the sentence imposed by the jury was the very minimum allowed by the statute, and therefore not unconstitutionally harsh and disproportionate.  *See id*.   Furthermore, the jury considered evidence of Appellant's prior convictions.   In determining the proper sentence, the jury could also have considered that they found Appellant guilty of a separate burglary of a habitation offense in cause number 2007D0D04788.   Because Appellant waived this issue on appeal and because the sentence imposed was within the allowable statutory range, we will not disturb the jury's assessment on appeal.   *See* TEX. R. APP. P. 33.1(a)(1); *Castaneda*, 135 S.W.3d

---

[3]  In his motion for new trial, Appellant presented an Eighth Amendment violation complaint as to the life sentence for his conviction for burglary of a habitation with intent to commit an aggravated sexual assault of a child in cause number 20070D04788, but not as to this case.

at 723.   Issue One is overruled.

*Evidentiary Sufficiency*

In Issue Two, Appellant argues that the evidence adduced at trial was legally and factually insufficient to support his conviction.   Specifically, Appellant argues that the State failed to produce sufficient evidence showing that Appellant entered Avvocato's home, without his consent, and that Appellant had the requisite intent to commit theft.   We reject Appellant's factual-insufficiency argument because Texas no longer recognizes factual-insufficiency claims. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

*Standard of Review*

In a legal sufficiency review, we consider all the evidence in the light most favorable to the verdict, and determine whether a rational juror could have found the essential elements of the offense beyond a reasonable doubt.   *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).   It is the responsibility of the jury to resolve conflicts in the testimony, to weigh the evidence, and to make reasonable inferences from the evidence.   *Hooper*, 214 S.W.3d at 13; *Brooks*, 323 S.W.3d at 899.   The jury can accept or reject all or part of the evidence presented.   *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).   On appeal, we do not reweigh the evidence and we do not substitute our own judgment for that of the jury.   *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).   Any evidentiary inconsistencies are resolved in favor of the verdict.   *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

*Burglary of a Habitation*

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, he enters a habitation with intent to commit a theft.   Tex. Penal Code Ann. §

5

30.02(a)(1) (West 2011). In Texas, it is well-established that the actual commission of theft is not a prerequisite to the commission of a burglary. *Autry v. State*, 626 S.W.2d 758, 762 (Tex. Crim. App. 1982). The State does not have to show that property was actually taken or found in possession of the suspect, however, it must prove an intent to commit theft. *Richardson v. State*, 888 S.W.2d 822, 824 (Tex. Crim. App. 1994). The element of intent is essential and it may not be left to conjecture. *McGee v. State*, 923 S.W.2d 605, 608 (Tex. App. – Houston [1st Dist.] 1995, no pet.). Intent is a fact question for the jury which may be inferred from the appellant's conduct and the surrounding circumstances. *See id.* (citing *Linder v. State*, 828 S.W.2d 290, 294 (Tex. App. – Houston [1st Dist.] 1992, pet. ref'd) (opinion on reh'g)). A nonconsensual nighttime entry gives rise to a presumption or permissive inference of the intent to commit theft. *See Wilkerson v. State*, 927 S.W.2d 112, 115 (Tex. App. – Houston [1st Dist.] 1996, no pet.). The circumstance of flight can also give rise to an inference of guilt. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007).

In the present case, the evidence showed that Appellant made a nonconsensual nighttime entry of Avvocato's home. Appellant fled Avvocato's home once he was discovered and questioned by Avvocato. *See id.* (jury can make inference of guilt from the circumstance of flight). Appellant argues that the evidence is insufficient because fingerprint evidence was not found at the scene and no property was taken from Avvocato's home. However, the State is not required to prove the actual commission of theft to prove burglary and it is the jury's responsibility to weigh the evidence. *See Richardson*, 888 S.W.2d at 824; *Hooper*, 214 S.W.3d at 13.

While Appellant apologized to Avvocato and stated he made a mistake, this statement could have been disbelieved by the jury or taken as a reaction to someone who has been found out. *See Margraves*, 34 S.W.3d at 919 (the jury is the judge of the credibility of the witnesses and it

6

may accept or reject all or part of the testimony); *Hooper*, 214 S.W.3d at 13 (we must defer to the jury's responsibility to resolve conflicts, weigh evidence, draw reasonable inferences from the evidence). The jury could have readily believed Avvocato's testimony that Appellant did not have time to take anything from his home because he awoke and pursued Appellant as he fled. *See id.* Further, the jury was free to reject Appellant's testimony that he was asleep in his home on the night in question and that Avvocato was lying. *See id.*

In this case, the jury could have reasonably inferred that Appellant, in entering Avvocato's home without consent and opening his bedroom door, intended to commit theft but was thwarted when Avvocato awoke and chased Appellant out of the home. Reviewing the evidence in the light most favorable to the verdict, the evidence was legally sufficient to support the jury's finding that Appellant intentionally or knowingly entered Avvocato's residence, without his effective consent and intended to commit a theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011); *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 895. Issue Two is overruled.

*Reformation of the Written Judgment*

In a cross-point, the State asks us to reform the judgment to reflect Appellant's plea of true to its first enhancement paragraph that alleged two prior, sequential, and final felony convictions as well as the jury's finding of true on the first enhancement paragraph. This Court has the power to modify incorrect judgments when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-8 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App. – Dallas 1991, pet. ref'd). The written judgment reflects that Appellant's plea and the jury's findings as to the first enhancement paragraph are marked "N/A." However, this is contrary to the record because Appellant pleaded true to the first enhancement paragraph and the jury also found the first enhancement paragraph to be true.

7

Accordingly, we sustain the State's cross-point and reform the written judgment to reflect Appellant's plea of true to the first enhancement paragraph and that the jury found the same to be true.

## CONCLUSION

Having overruled Appellant's two issues, we affirm the trial court's judgment as reformed.


GUADALUPE RIVERA, Justice

May 23, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

8